Will DeLaney. v. The State.

No. 9292.   Delivered May 27, 1925.

Rehearing Denied November 11, 1925.

Manufacturing Intoxicating Liquor—Judgment—Entered Nunc Pro Tunc— Held Proper.

Where on a second appeal, the first having been dismissed on account of no sentence appearing in the record, the sentence entered nunc pro tunc is shown, no error is presented in such practice. Art. 852, C. C. P. authorizes the entering of judgments nunc pro tunc.   Following Madison v. State, 17 Tex. Crim. App. 479 and other cases cited.

Appeal from the Criminal District Court of Dallas County.   Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, three years in the penitentiary.

*Pat C. Short*, for appellant.

*Shelby S. Cox*, District Attorney; *Wm. McCraw*, Assistant District Attorney; *Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BAKER, Judge.—Appellant was tried and convicted in the criminal district court of Dallas County for manufacturing intoxicating liquor and his punishment assessed at confinement in the penitentiary for a term of three years.

This case was by this court dismissed on October 11, 1924, on account of the failure of the trial judge to sentence the defendant herein, and it is now before this court on second appeal.

It appears from the record that the appellant is contesting the right of the trial judge to enter sentence nunc pro tunc.   Article 859, C. C. P., authorizes the entering of judgments nunc pro tunc, and this court has repeatedly held that such actions are proper in such cases.   Madison v. State, 17 Tex. Crim. Rep. 479; Meadors v. State, rendered May 20, 1925, yet unpublished.

The record fails to disclose any error committed by the trial court and we are of the opinion that the judgment should be and is hereby in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—This case was before the court at the last term and an opinion delivered on June 4th, which correctly disposed of all the questions raised by appellant, and the judgment was affirmed.

Later it was called to the attention of the court upon motion for rehearing that no sentence had ever been passed upon appellant, for which reason the motion for rehearing was granted and the appeal ordered dismissed. After this the trial court upon proper motion pronounced sentence in accordance with the verdict and judgment. Appellant is again here upon the same record complaining only that the court was without authority to pass sentence upon appellant and enter it upon the minutes at the time and in the manner shown by the record.

The original opinion properly disposed of the question. Believing appellant's motion for rehearing not to be meritorious the same is overruled.

. *Overruled.*